**810**

**UNITED STATES of America,
Plaintiff,**

v.

**Samuel DREIER et al., Defendants.**

**No. 68 Civ. 704.**

United States District Court
S. D. New York.

Dec. 17, 1969.

Robert M. Morgenthau, U. S. Atty.,
for the Southern District of New York,
for plaintiff; by Brian J. Gallagher and
Richard S. Rudick, Asst. U. S. Attys., of
counsel.

Doran, Colleran, O'Hara & Dunne,
Garden City, N. Y., for defendants; by
Robert A. Kennedy, Garden City, N. Y.,
of counsel.

## FINDINGS AND OPINION

POLLACK, District Judge.

In this action, the government sues to
enforce income tax liens on money set
aside for the delinquent taxpayers in a
Vacation Fund which was contributed
thereto by their employers pursuant to a
collective bargaining agreement with
their union. The trustees of the Fund,
who are the defendants herein, resist
payment on the ground that there is no
clear evidence that the taxpayers have a
vested monetary interest in the Fund on
which the government's levy attaches.

The case originally sought to collect
from the Vacation Fund trustees the
sum of $2,050.91 claimed as the aggre-
gate amount of delinquent taxes owed by
18 Ironworkers—members of the Inter-
national Association of Bridge, Struc-
tural and Ornamental Iron Workers,
AFL–CIO Locals 40, 361 and 417 ("the
Union"). Since the inception of this ac-
tion, the tax liens against 10 of the 18
employees have been satisfied by pay-
ment of amounts due from the Fund to
those employees. The unpaid taxes due
from the remaining eight employees
("the Eight") which the plaintiff seeks
to recover from their interests in the
Fund is $458.25. The Eight, are mem-
bers of the Union.

Under collective bargaining agree-
ments between the Allied Metal Indus-
tries ("Allied") and the Union, Allied's
members agreed to pay a certain per-
centage of the gross weekly pay of its
members' union employees into a special
trust fund to be used to provide vacation
benefits to eligible employees ("the Va-
cation Fund").

The rate of payment by Allied's mem-
bers during the years 1960, 1961, 1962
and the first half of 1963 was 4% of the

gross wages paid to Iron Workers under the Union's jurisdiction; during the second half of 1963 and the first half of 1964 the rate was 5%; and during the second half of 1964 and thereafter, the rate was 6%.

At various times during the course of a calendar year, Allied's members purchased from the trustees large blocks of vacation fund stamps. Those stamps were to be distributed by Allied's members to their individual employees on a weekly basis. Upon receipt of the stamps, the individual employee would paste them in a vacation fund book which is very similar to a savings bank passbook. When the employee wished to draw down his vacation pay, he would present his passbook to the trustees. The trustees would then issue to the employee a check in an amount equal to the stamps turned in by him.

The employer could not fulfill its obligation to provide the agreed vacation benefits by paying the amount to the employees in cash rather than stamps.

The employers were obligated to report the gross amount of wages paid each employee to the Union and to the administratrix of the Vacation and other funds. The stamps were non-transferable and these reports were used by the Vacation Fund as a source from which to verify that a given employee could have earned the stamps he surrendered to the Fund for payment. The reports made to the defendants indicated the payment of gross wages by Allied's members to the Eight during the years of their employment between 1960–1966 and these were sufficient in amount to require the deposits in the Vacation Fund of the amounts to which the levies attach as found hereinafter.

The defendants, as Trustees of the Vacation Fund were served with Notices of Levy with respect to the Eight on May 24, 1966 or January 11, 1967.

The defendants have failed and refused to honor these Notices of Levy on the grounds that they cannot determine whether or not the employer has made the required contributions until a stamp book is presented for collection and that they have no records or information which would indicate that they hold any funds to the benefit of the taxpayers. The Court finds that there is no merit to these contentions and holds that the plaintiff has sustained its burden of proof to show that the required contributions have been made as to the Eight; and that the defendants have sufficient records and information to indicate they hold funds for the benefit of the Eight as stated hereafter.

The following schedule shows as of October 24, 1969 the amount of income taxes still owed by the named taxpayer, the amount in the Vacation Fund to his credit as a result of his earnings and subject to the government's levy mentioned above and the amount collectible by the government from the Vacation Fund as of said date:

| Employee-Taxpayer | Owed to Gov't. | Credit in Fund | Subject to the levy |
|---|---|---|---|
| Frank D. Albany | $ 568.28 | $ 77.80 | $ 77.80 |
| Peter Alfred | 15.06 | 44.40 | 15.06 |
| Peter D. Angus | 441.73 | 37.90 | 37.90 |
| Dave Beauvais | 53.45 | 82.40 | 53.45 |
| Mike Dearhouse | 479.79 | 10.00 | 10.00 |
| Frank T. Horn | 89.26 | 28.30 | 28.30 |
| Thomas Morris | 140.25 | 157.55 | 140.25 |
| Patrick F. Stacey | 1,018.49 | 48.20 | 48.20 |
| | $2,806.31 | | $410.96 |

The defendants have admitted that the taxpayers had withdrawn from the Vacation Fund approximately 85% of the amount of the contributions required from their employers under the governing collective bargaining agreement. It is highly probable under the facts established herein that the employers contributed the remainder of their obligations to the Vacation Fund. The proof was that none of the employers of the Eight was ever delinquent in providing the requisite Vacation Fund stamps.

The Court observes that the defendants in the case at bar, after honoring the levies (and after satisfying the judgment of this Court) are protected from any double liability to the taxpayers or their estates for the amounts paid. Section 6332(d) of Title 26 U.S. C.A. provides that the effect of honoring a levy discharges the person "from any obligation or liability to the delinquent taxpayer with respect to such property or rights to property arising from such surrender or payment".

The institution of this action has been duly authorized by a delegate of the Secretary of the Treasury of the United States and directed by the Attorney General of the United States as required pursuant to Section 7401 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7401.

The Court has jurisdiction over this action under Title 28 U.S.C.A. §§ 1340 and 1345.

Plaintiff is entitled to judgment against defendants for the amounts of their debts to the Eight—the taxpayers —that are subject to plaintiff's liens, in the sum of $410.96 with interest [T. 26 U.S.C.A. § 6332(c)] at the rate of 6% from the dates of the levies respectively on the several amounts due, with costs. The Clerk shall forthwith enter judgment accordingly.

The foregoing shall constitute the findings and conclusions required by Rule 52(a), F.R.Civ.P.