**Belvera M. MACK, Plaintiff-Appellant,**

v.

**Donald C. ALEXANDER, Commissioner, et al., Defendants-Appellees.**

No. 77–2384

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 19, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Belvera M. Mack, pro se.

John L. Briggs, U. S. Atty., Tampa, Fla., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, App. Sec., Ann Belanger Durney, Anthony Ilardi, Jr., George T. Rita, Attys., Tax Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Plaintiff, Belvera M. Mack, filed a pro se action against the defendants, the United States of America, the Commissioner of Internal Revenue, and R. F. Ross, a Revenue Officer of the Internal Revenue Service, for alleged violations of her constitutional rights and damage to her reputation stemming from an IRS attempt to levy on a bank account which she held jointly with another party. The dispute arose over $913.03 in income taxes owed by the plaintiff which have accumulated since 1972 when plaintiff refused to provide information on her 1972 tax return until the IRS informed her how to comply without waiving her constitutional rights. Plaintiff's tax returns for 1973 and 1974 were submitted in blank with the assertion of her constitutional rights and because plaintiff believes only gold and silver can be considered money.

The district court granted defendants' motion to dismiss for lack of jurisdiction and granted plaintiff leave to amend. Plaintiff amended her complaint and defendants filed another motion to dismiss on the grounds that plaintiff had added nothing which would invoke the district court's jurisdiction. The district court agreed. Plaintiff appeals the dismissal. We affirm.

Jurisdiction in this case cannot be based on the Federal Tort Claims Act for either of two reasons. First, pursuant to 28 U.S.C. § 2675(a), it is essential that a proper administrative claim first be filed before suit in district court can be commenced. The plaintiff has not met this requirement, therefore this suit is barred. Second, in this case, using any possible tort theory under which this plaintiff might proceed, 28 U.S.C. § 2680(h) has carved out an exception precluding suit.

Plaintiff has also alleged jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1983 and 1985. Section 1343 places original jurisdiction in the district courts when there is a substantive claim for violation of 42 U.S.C. §§ 1983 and 1985. However, we agree with the district court's ruling that these statutes provide a remedy for deprivation of rights under color of state law and do not apply when the defendants are acting under color of federal law. *Walker v. Blackwell,* 360 F.2d 66 (5th Cir. 1966).

The plaintiff further alleges violations of her constitutional rights by the individual defendants. The Supreme Court has upheld the existence of a constitutional tort. See *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, here the attempted levy upon plaintiff's bank account

(held jointly with another) was made through the exercise of proper legal process. The later discovery that a joint bank account could not be seized does not make the attempt to levy on plaintiff's bank account unlawful. See *Rodriguez v. Ritchey*, 556 F.2d 1185 (5th Cir. 1977) (en banc).

Plaintiff also asserts that her constitutional rights were violated by the Commissioner's and the agent's failure to give her information on how to fill out her income tax form without waiving her rights under the Fifth Amendment. Plaintiff properly exercised her right to refuse to answer the questions on her income tax returns for 1972 through 1974. See *Garner v. United States*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976). The Supreme Court noted in *Garner* that if a claim of privilege is asserted the IRS may thereafter issue a ruling in order to indicate to the claimant whether the IRS considered the claim valid or invalid before a criminal prosecution was commenced. 424 U.S. at 664 n. 19, 96 S.Ct. 1178. The IRS, here, went forward with a civil investigation as it had a right and obligation to do. The failure of the individual defendants to give plaintiff the requested information instead of commencing an investigation did not violate plaintiff's constitutional rights. Therefore, under these particular facts, we find no claim possible against the Commissioner and the Internal Revenue agent, the individual defendants.

Finding these and all other issues raised by the plaintiff to be meritless, we affirm the dismissal by the district court.

AFFIRMED.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.