**Ralph L. CARMAN, Plaintiff-Appellant,**

v.

**Ron PARSONS, as Trustee of Plumbers & Pipefitters Local 624 Vacation Fund, et al., Defendants-Appellees.**

No. 85–3841.

Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

May 27, 1986.

W. Eric Venable, Raymond T. Elligett, Jr., Tampa, Fla., for defendants-appellees.

Before RONEY and HATCHETT, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

Ralph Carman brought this lawsuit against the trustees of the Plumbers and Pipefitters Local 624 Vacation Fund because they paid funds held in the Vacation Fund on Carman's behalf to the Internal Revenue Service pursuant to two tax levies for $538.92 and $700.64, respectively. Carman alleged that the trustees were not required to transfer the funds to the IRS, that the trustees violated Carman's rights under ERISA, and that the trustees deprived him of property by paying the funds to the IRS. The district court granted the trustees' motion to dismiss for failure to state a claim under either 42 U.S.C.A. § 1983 or under 29 U.S.C.A. § 1132 (the Employee Retirement Income Security Act of 1974) (ERISA)).

42 U.S.C.A. § 1983 provides "a remedy for deprivation of rights under color of state law and does not apply when the defendants are acting under color of federal law." *Mack v. Alexander,* 575 F.2d 488, 489 (5th Cir.1978). The trustees here were complying with federal law in honoring the tax liens. 26 U.S.C.A. § 6332(d) exempts any "person" in possession of property of a taxpayer subject to a tax levy from liability to that person for surrendering or paying the property to the IRS. The vacation fund trust and its trustees plainly are "persons" subject to the payment requirements and protection of section 6332. The definitions section of the Internal Revenue Code includes "an individual, a trust, estate, partnership, association, company or corporation" within the definition of person unless "otherwise distinctly expressed or manifestly incompatible with the intent" of the applicable provision. 26 U.S.C.A. § 7701(a)(1). The fact that section 6332(e) defines the word "person" to "include" an officer or employee of a corporation or partnership does not limit the meaning of person, but merely makes clear that those people are subject to the levying requirements of section 6332(a).

A number of courts specifically have found that the trustees of a vacation trust are "persons" within the meaning of section 6332(d). *See United States v. Dreier,* 307 F.Supp. 810, 812 (S.D.N.Y.1969); *Johnson v. United States,* 566 F.Supp. 1012, 1014 (M.D.Fla.1983).

We hold that as a matter of law the trustees are immune from liability under ERISA by virtue of the protection of 26 U.S.C.A. § 6332(d).

AFFIRMED.