967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Glen R. RAMSEY, Plaintiff-Appellant,
v.
CALIFORNIA FIELD IRON WORKERS VACATION TRUST FUND; Helen
Arena; Debra Vahe; Doug Fonton; Ron Smith;
United States of America, Defendants-Appellees.
 No. 91-15820.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1992.*
Decided June 12, 1992.
 
 Before JAMES R. BROWNING, PREGERSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court dismissed Ramsey's complaint and action with prejudice as against the United States and the individual revenue officers. The district court also granted summary judgment in favor of the California Field Iron Workers Vacation Trust Fund ("Trust Fund"). Ramsey now appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and we affirm.
 
 
 3
 * The district court granted the motion of the United States and the individual revenue officers to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.
 
 
 4
 "We review de novo dismissals for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted." Rivera v. United States, 924 F.2d 948, 950 (9th Cir.1991). After conducting the requisite review, we now affirm the district court's dismissal for the reasons stated in its orders dated February 20, 1991 and March 26, 1991.[2]
 
 
 5
 On appeal, Ramsey argues that the motion to dismiss was improperly granted because the United States and the revenue agents filed an answer to the complaint prior to filing the motion to dismiss. We reject this argument because motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) need not be made prior to the filing of an answer. See Fed.R.Civ.P. 12(h).
 
 
 6
 Because the district court properly granted the motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, we need not reach the additional issues raised by Ramsey on appeal.
 
 II
 
 7
 The district court granted summary judgment in favor of the Trust Fund on the ground that, as a matter of law, 26 U.S.C. § 6332(e) bars Ramsey's action against the Trust Fund. We review a grant of summary judgment de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and we conclude that the district court's decision was proper.
 
 
 8
 As a preliminary matter, we note that on appeal Ramsey failed to address the district court's application of § 6332(e). We therefore may properly deem the issue to have been abandoned by Ramsey. See, e.g., Acosta-Huerta v. Estelle, 954 F.2d 581, 586 (9th Cir.1992). In any event, the district court correctly determined that § 6332(e) exempts the Trust Fund from potential liability in this case. See, e.g., Carman v. Parsons, 789 F.2d 1532 (11th Cir.1986) (vacation fund trust and its trustees immune from liability by virtue of § 6332(d) (now (e)) when they transferred plaintiff's funds to the IRS pursuant to tax levies).
 
 III
 
 9
 The Trust Fund also requests that it be awarded fees on appeal pursuant to 29 U.S.C. § 1132(g)(1). We decline to award such fees.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Trust Fund argues that we lack jurisdiction over this appeal because Ramsey's notice of appeal was filed 92 days after the entry of summary judgment in favor of the Trust Fund. We find, however, that, pursuant to Fed.R.Civ.P. 54(b), the judgment did not become final until March 26, 1991. As a result, Ramsey's appeal was timely filed. Fed.R.App.P. 4(a)(1)
 
 
 [2]
 The district court did not address Ramsey's contention that jurisdiction could be predicated on Article III, section 2, of the United States Constitution. We have held, however, that courts "lack subject matter jurisdiction to hear constitutional damage claims against the United States, because the United States has not waived sovereign immunity with respect to such claims." Rivera, 924 F.2d at 951. Therefore, jurisdiction over the United States cannot be predicated on Article III, section 2 of the Constitution