[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 13, 2006
THOMAS K. KAHN
CLERK

No. 05-13278
Non-Argument Calendar

------------------------------------------

D.C. Docket  No. 04-80795-CV-DMM

LOUIS SEGAL,

Plaintiff-Appellant,

versus

COMMISSIONER OF IRS,
by serving Linda Whitmyer,

Defendant-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

----------------------------------------------------------------

**(April 13, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Louis Segal appeals pro se the district court's dismissal of his complaint, filed under 42 U.S.C. § 1983 and 5 U.S.C. § 552, seeking an appeals hearing before the Internal Revenue Service ("IRS") and alleging a violation of Segal's due process rights. No reversible error has been shown; we affirm.

Segal filed a complaint against Linda Whitmyre, an IRS appeals officer, in her individual capacity. Segal alleged that he twice requested from Whitmyre either an appeals hearing or a legal reason why he was not entitled to a hearing. Whitmyre responded to his first letter and denied his request for an appeals hearing. Segal asserted that Whitmyre did not provide him with a sufficient explanation about why he was not entitled to a hearing. Segal claimed that Whitmyre violated his due process rights by refusing him an appeals hearing.[1] Segal requested the district court to grant him an appeals hearing so he could ask "all questions pertinent to his legal responsibility to file and pay income taxes." Segal's legal objectives were (1) "[t]o discover the whole truth regarding the legality of the federal income tax application," (2) "[t]o prove . . . that the [IRS] policies and procedures are not legally superior to the Constitutional . . . Rights of

---

[1]Segal also claimed that Whitmyre violated his right to information under the Freedom of Information Act by refusing to explain why he was not entitled to a hearing. Segal also requested damages. But on appeal Segal expressly abandons his arguments under FOIA and his claim for damages against Whitmyre. We, thus, analyze only Segals' claim that he should receive an appeals hearing.

2

all American Citizens," and (3) "[t]o prove . . . that no one working for the [IRS] is above the law, and . . . they can not violate any laws and/or rights with impunity."

The district court dismissed Segal's complaint for lack of subject matter jurisdiction. We review the district court's dismissal de novo. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003).

We agree with the district court that the doctrine of sovereign immunity applies and that Segal has not demonstrated a waiver of this immunity. "[T]he United States, as sovereign, is immune from suit, save as it consents to be sued." United States v. Dalm, 110 S.Ct. 1368 (1990) (citation omitted). A suit is deemed to be against the sovereign if the judgment sought would, among other things, interfere with the public administration, "or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." Dugan v. Rank, 83 S.Ct. 999, 1006 (1963) (citation omitted). Segal protests that he is suing Whitmyre in her individual and non-official capacity. But the relief he seeks--the grant of an appeals hearing--requires Whitmyre's official action in her capacity as an IRS appeals officer. And Segal's stated reasons for filing this suit show that his suit is against the IRS, not against Whitmyre personally.

Sovereign immunity applies to bar Segal's suit, unless he shows a waiver of this immunity. Segal asserts that, under 42 U.S.C. § 1983, Whitmyre has violated

3

his due process rights and that she is not entitled to qualified immunity. But § 1983 provides a remedy for deprivation of federal rights by <u>state</u> law: it is not a basis for a suit against the United States or the IRS. <u>See</u> 42 U.S.C. § 1983; <u>Carman v. Parsons</u>, 789 F.2d 1532, 1534 (11th Cir. 1986). Segal has not shown a waiver of sovereign immunity. And, despite Segal's claim to that his suit is not about tax liability, we agree with the district court that the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a), prohibits this suit.[2] The district court did not err in dismissing Segal's complaint.

AFFIRMED.

---

[2] The AIA prohibits suits brought "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). Courts interpret this provision broadly. <u>See</u> <u>Hobson v. Fischbeck</u>, 758 F.2d 579, 580-81 (11th Cir. 1985). A narrow--but inapplicable--exception to the AIA exists: where the plaintiff shows that under no circumstances could the government ultimately prevail on its tax claim and where there exists an independent basis for equity jurisdiction. <u>Id.</u> at 581.