Robert T. BREWER Plaintiff,

v.

COMMISSIONER, INTERNAL
REVENUE Defendant.

No. CIV.A. 05–0167–CG–B.

United States District Court,
S.D. Alabama.
Southern Division.

May 5, 2006.

Robert T. Brewer, Mobile, AL, pro se.

Brian Richard Harris, Department of Justice, Washington, DC, Charles Baer, U.S. Attorney's Office, Mobile, AL, for Defendant.

## *ORDER*

GRANADE, Chief Judge.

This cause is before the court on plaintiff's motion for leave to file a second amended complaint, defendant's response thereto, and plaintiff's reply (Docs.22, 25, 26). Upon consideration of all matters presented, and for the reasons stated herein, the court concludes that plaintiff's motion for leave to file a second amended complaint is due to be **denied in part** and **granted in part**.

## I. FACTS

Plaintiff filed suit against the Commissioner of the Internal Revenue Service (hereinafter "IRS") claiming that defendant committed common law torts including fraud, harassment and intentional infliction of emotional distress. (Doc. 6 at 6–7). Plaintiff also alleges that the defendant improperly seized plaintiff's social security benefits, violated his due process rights by failing to provide him with an opportunity to challenge his 2000 federal income tax liabilities, and violated his rights to equal protection under the law and to free speech by sending him a letter regarding the levy of his social security benefits that stated "[p]lease do not contact the Social Security Administration regarding your Federal tax matter." *Id.* at 7–9. Plaintiff appears to seek to enjoin assessment of his 1997, 1999, 2000, 2001, 2002, 2003 and 2004 federal income tax liabilities and to enjoin collection of these same liabilities. In addition, plaintiff seeks damages in the amount of $15,000 and requests that the court order defendant to pay all costs. *Id.* at 9–10.

On September 7, 2004, the parties met in Mobile Tax Court to resolve issues arising from a Notice of Deficiency issued to plaintiff for his 1999 federal income tax liabilities. (Doc. 6 at 4). Plaintiff claims that at that time, the IRS issued an audit

statement to plaintiff indicating a net tax due in the amount of $1,100.00 for the 1999 tax year. *Id.* Plaintiff asserts that on October 20, 2004, he visited an IRS office in Mobile and paid the $1,100.00 net tax due for the 1999 tax year. *Id.* However, plaintiff states that in January 2005, defendant's Austin, Texas office changed the net tax due and issued a new demand for $6,416.89 in taxes for the 1999 tax year. *Id.* Plaintiff proffers a January 25, 2005, U.S. Tax Court order, which declares that plaintiff's 1999 Federal income tax deficiency was $4,878, and that the net tax due for 1999 was $1,100.00, the amount plaintiff paid appears to have paid. *Brewer v. Commissioner,* T.C.M.2005–10. at 5. The order declines to abate interest on the 1999 deficiency. *Id.*

Plaintiff provides that he "made several calls to defendant in order to persuade it to revoke the new demand for taxes, but none were effective." (Doc. 6 at 5). According to plaintiff, on March 11, 2005, plaintiff spoke with an IRS employee who identified himself as Mr. Neilson. *Id.* Plaintiff avers that Neilson "agreed to revoke the new $6,416.89 demand and virtually wipe out plaintiff's 1999 tax liability, mentioning that there would still be a small amount of interest to pay." *Id.* Moreover, plaintiff contends that when he tried to rectify the situation with Neilson, Neilson told plaintiff that the IRS had issued additional Notices of Deficiency against him with respect to the tax years 2000, 2002, and 2003. *Id.* at 5.

In a letter dated March 28, 2005, sent from defendant's Philadelphia office, defendant issued another demand for new taxes for the 1999 tax year in the amount of $6,619.32. (Final Notice of Intent to Levy and Notice of Right to a Hearing). Plaintiff maintains that the demand from defendant's Philadelphia office contravenes defendant's audit statement fixing plaintiff's net tax due at $1,100.00; the sworn tax court order affirming $1,100.00 as plaintiff's net tax due for the tax year 1999; the January U.S. tax court order affirming $1,100.00 as plaintiff's net tax due for the tax year 1999; and plaintiff's receipt showing his net tax due paid in full. (Doc. 6 at 6). Plaintiff claims that he delivered a letter of disputation concerning "new demand" to defendant's Mobile office. *Id.* Further, plaintiff states that the "new demand also carries with it the threat of a[l]levy of Social Security [b]enefits, and there being no other remedy in law, plaintiff makes this application to the court for relief." *Id.*

## II. MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

### A. Plaintiff's Constitutional Claims Against Three IRS Employees

 Plaintiff filed a motion for leave to file a second amended complaint so as to join three IRS employees as additional defendants. (Doc. 22). Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," however, district courts may properly deny leave to amend a complaint under this rule when the resulting amendment would be futile. *Hall v. United Ins. Co. of America,* 367 F.3d 1255, 1262–1263 (11th Cir.2004) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). An amendment is futile, and denial of leave to amend is justified, when "the complaint as amended is still subject to dismissal." *Hall,* 367 F.3d at 1263 (quoting *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999)).

 Plaintiff attempts to assert claims against the three IRS employees for alleged violations of plaintiff's First, Fifth and Fourteenth Amendment rights arising from acts the employees took to collect

plaintiff's taxes. (Doc. 22 at 4–5). Although there is no federal statute which authorizes federal courts to hear suits or grant relief against federal officers who violate the Constitution of the United States, the Supreme Court has created a federal law cause of action against federal officers for money damages based on constitutional violations. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Supreme Court has, however, declined to create a cause of action "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the court of its administration." *Schweiker v. Chilicky*, 487 U.S. 412, 423, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). The Court considers the existence of congressional created remedial schemes to be a "special factor counseling hesitation," thereby precluding *Bivens* actions.[1] *See Id.*

Defendant points out the myriad remedies available to taxpayers pursuant to the Internal Revenue Code, 26 U.S.C. §§ 7431–7433 (Bender, LEXIS 2005), which are aimed at rectifying damages that might occur during the collection of taxes. In light of the numerous statutory remedies, courts have uniformly refused to recognize a *Bivens* action for claims arising out of the collection of federal taxes. For example, in *Fishburn v. Brown*, 125 F.3d 979, 982–83 (6th Cir.1997), the court held that:

Congress has provided a damages remedy for the reckless or intentional disre-

gard of Internal Revenue Code provisions by IRS employees in collecting taxes. *See* 26 U.S.C. § 7433. Furthermore, Congress unequivocally stated that § 7433 is "the exclusive remedy for recovering damages resulting from such actions." 26 U.S.C. § 7433(a). This provision does not mention constitutional violations; however, several other circuits have concluded that § 7433 precludes *Bivens* actions against IRS agents for due process violations. *See Vennes v. An Unknown Number of Unidentified Agents*, 26 F.3d 1448, 1454 (8th Cir.1994) ("[Sections] 7432 and 7433 have authorized taxpayer actions against the United States to recover limited damages resulting from specific types of misconduct by IRS employees. These carefully crafted legislative remedies confirm that, in the politically sensitive realm of taxation, Congress's refusal to permit unrestricted damage actions by taxpayers has not been inadvertent."); *McMillen v. United States Dep't of Treasury*, 960 F.2d 187, 190 (1st Cir. 1991) (per curiam) ("Even if the behavior described in the complaint did constitute some sort of constitutional violation ... we doubt that the creation of a Bivens remedy would be an appropriate response. 'Congress has given taxpayers all sorts of rights against an overzealous officialdom.' ") (quoting *Cameron v. Internal Revenue Serv.*, 773 F.2d 126, 129 (7th Cir.1985)); *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir.1990) (holding that remedies provided by Congress foreclose a *Bivens* action for due process viola-

---

1. In *Schweiker*, the Court noted that,

[T]he concept of "special factors counselling [sic] hesitation in the absence of affirmative action by Congress" has proved to include an appropriate judicial deference to indications that congressional inaction has not been inadvertent. When the design of a

Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies.

*Schweiker*, 487 U.S. at 423, 108 S.Ct. 2460.

tions); *National Commodity and Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1248 (10th Cir.1989) ("Although there may be no established mechanism for the recovery of damages against federal authorities for unconstitutional conduct, the unavailability of complete relief does not mandate the creation of a *Bivens* remedy when other 'meaningful safeguards or remedies for the rights of persons situated as [were the plaintiffs] are available.'") (quoting *Schweiker*, 487 U.S. at 425, 108 S.Ct. 2460); *see also Fritz v. Hannon*, 1994 U.S.App. LEXIS 23564, No. 93–2147, 1994 WL 174145, at *1 (7th Cir. May 5, 1994) (order) (holding that plaintiff, whose car was seized by the IRS, had adequate statutory procedures to challenge the seizure of his automobile, and thus, the plaintiff was precluded from bringing a *Bivens* action for damages). Simply put, this is not a case where the plaintiff did not have access to judicial review. Whether the plaintiff is claiming a procedural or substantive due process violation, she had adequate levels of review to bring her allegations. Consequently, a *Bivens* action is not viable. The Supreme Court has repeatedly held that where internal revenue collection is at issue, a meaningful post-deprivation remedy will satisfy the Due Process Clause. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 747, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974) ("And although the congressional restriction to postenforcement review may place an organization claiming tax-exempt status in a precarious financial position, the problems presented do not rise to the level of constitutional infirmities, in light of the powerful government interests in protecting the administration of the tax system from premature judicial interference . . . .").

*Fishburn*, 125 F.3d at 982–83.

The court accepts defendant's rationale for holding plaintiff's constitutional claims against the three IRS employees as futile. Thus, plaintiff's motion for leave to amend to add the three IRS employees as defendants is due to be **DENIED**.

**B. The United States is the Real Party in Interest**

▮ Plaintiff also moves this court for leave to add the United States as a defendant in the present action. (Doc. 22 at 6). From the court's reading of plaintiff's vague pleadings, it appears that the plaintiff asserts both common law and constitutional tort claims against the IRS and its Commissioner, as well as a claim in equity, which seeks to enjoin defendant from collection and assessing tax liabilities. The Commissioner has been sued for damages in his official capacity as an employee of the United States. In deciding whether such an action is actually one against the Government, the dispositive question is who will pay the judgment. *Stafford v. Briggs*, 444 U.S. 527, 542 n. 10, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980). The court concludes that if the plaintiff were to win the cause of action the United States would have to pay the judgment.

▮ As to any claims against the IRS, the court notes that the IRS is not an entity that can be sued. *See, e.g., Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 96 L.Ed. 534 (1952); *United States v. Barretto*, 708 F.Supp. 577, 582 (S.D.N.Y. 1989); *Blair v. United States Treasury Dept.*, 596 F.Supp. 273, 278–79 (D.Ind. 1984); *Provenza v. Rinaudo*, 586 F.Supp. 1113, 1117 (D.Md.1984); *Krouse v. United States*, 380 F.Supp. 219, 221 (C.D.Cal. 1974). The proper approach when the IRS is sued is to treat the action as one brought against the United States. *Murray v. United States*, 585 F.Supp. 543, 544 (D.N.D.), *aff'd*, 751 F.2d 271 (4th Cir.1984) (per curiam); *cf. Frasier v. Hegeman*, 607 F.Supp. 318, 322 (N.D.N.Y.1985) (when an

IRS employee is named as a defendant in an action, the action is treated as one brought against the United States). Further, when a plaintiff files an action seeking to restrain the collection of taxes, the United States is the real party in interest and the proper defendant in the action. *See Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). Accordingly, this Court finds that the United States is the sole and proper defendant as to any cause of action the plaintiff may have. Therefore, defendant's motion to add the United States is due to be **GRANTED**.

### C. Plaintiff's Claim of Conspiracy to Deny Civil Rights

 Plaintiff also seeks to add a claim for conspiracy to deny his civil rights. (Doc. 22 at 5–6). Despite plaintiff's failure to explicitly identify the premises upon which plaintiff seeks relief for the alleged violation of the Constitution, the court presumes that plaintiff's claims are brought pursuant to 42 U.S.C. § 1985(3). The court notes that even if plaintiff were permitted to proceed with an action against any federal employee acting in his or her official capacity, plaintiff's § 1985 claim fails for the following reasons.[2]

 To come within § 1985(3), a complaint must allege four elements: (1) a conspiracy; (2) "for the purpose of depriving, directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws"; (3) that the conspirators committed some act in furtherance of the conspiracy; and (4) that the plaintiff was either "injured in his person or property"

or was "deprived of having and exercising any right or privilege of a citizen of the United States". *Griffin v. Breckenridge*, 403 U.S. 88, 103–04, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). The court notes that "[t]he language of Section 1985 which requires an intent to deprive one of equal protection or equal privileges and immunities means that there must be some racial or otherwise class-based invidiously discriminatory animus behind the conspirators' action." *Byrd v. Clark*, 783 F.2d 1002, 1007–08 (11th Cir.1986) (citing *Griffin*, 403 U.S. at 102, 91 S.Ct. 1790).

Although plaintiff proffers vivid rhetoric in which he describes the vastness of his dealings with defendant to establish the existence of a conspiracy, the plaintiff does not advance any allegations of racial or class-based discriminatory animus. The absence of the requisite elements of a cause of action for conspiracy to deny civil rights under § 1985(3) in plaintiff's pleadings is fatal to the claim. Moreover, defendant points out that even under plaintiff's Fourteenth Amendment claim that he has been made to be a "Class of One," such a claim does not, as a matter of law, demonstrate the racial or class-based discrimination that is required to state a claim under § 1985(3). (Doc. 25 at 5). *See, e.g., Duff v. Sherlock*, 432 F.Supp. 423, 429 (E.D.Pa.1977) (no cause of action where alleged conspiracy is directed toward an individual personally); *Bergman v. Stein*, 404 F.Supp. 287, 294 (S.D.N.Y. 1975) (no cause of action stated where complaint was grounded on allegation that

---

**2.** To the extent that any of plaintiff's claims are asserted pursuant to 42 U.S.C. § 1983, this court holds that § 1983 is not a proper jurisdictional basis for a suit against the United States or the IRS because this section is intended to allow a plaintiff to recover for violations of his or her constitutional rights when the violation is committed by a person

acting under color of "state law and do[es] not apply when the defendants are acting under color of Federal Law." *See Carman v. Parsons*, 789 F.2d 1532, 1534 (11th Cir.1986); *Seibert v. Baptist*, 594 F.2d 423 (5th Cir.1979) (rev'd on other grounds 599 F.2d 743 (5th Cir.1979)); *Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir.1978).

defendants singled out plaintiff as object of conspiracy).

The court finds that any amendment adding a conspiracy to deny civil rights claim would be futile, because the plaintiff has not pled, nor could he plead, all of the essential elements of this claim. Accordingly, the court concludes that plaintiff's motion for leave to amend to add the conspiracy to deny civil rights claim is due to be **DENIED.**

### *CONCLUSION*

For the foregoing reasons, plaintiff's motion for leave to file a second amended complaint is **GRANTED IN PART** to the extent that the United States is added as a party, and **DENIED IN PART** as to all other grounds raised.