[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  13-12163
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-00083-ACC-DAB


CONSTANCE MITCHELL, an individual,

Plaintiff-Appellant,

versus


KATHLEEN KAMINSKI, etc.,

Defendant,

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____


(January 8, 2014)

Before TJOFLAT, JORDAN, and HILL, Circuit Judges.

PER CURIAM:

Constance Mitchell brought suit against Kathleen Kaminski under the Federal Tort Claims Act (the "FTCA") seeking damages resulting from an automobile accident in which the two were involved.  Upon its motion, the United States of America was substituted as the defendant after it certified that Kaminski was acting within the course and scope of her employment with the United States when the alleged tort occurred.

The United States filed a motion to dismiss pursuant to 28 U.S.C. § 2675(a), because Mitchell had not filed an administrative claim with the appropriate federal agency before bringing suit.  The district court entered a "Milburn Order," informing Mitchell that it would take the motion to dismiss under advisement and that she should submit her response in opposition.  Mitchell submitted a response arguing that Kaminski's employment status was a jury question.  She did not address whether she had filed an administrative claim, or any issue regarding equitable tolling of the administrative claims limitations period.

The district court dismissed Mitchell's FTCA claim for lack of jurisdiction, noting that Mitchell had never complied with section 2675 and so had not exhausted her claim administratively.  The court also observed that because Mitchell never filed an administrative claim she had failed to comply with the limitations period for administrative claims set forth in 28 U.S.C. § 2401(b).

In her motion for reconsideration, Mitchell argued for the first time that she was entitled to equitable tolling of the administrative limitations period due to her inability to ascertain information from Kaminski.  The district court held that Mitchell did not meet the standard for reconsideration of the dismissal, i.e., an intervening change in the controlling law, the availability of previously unavailable evidence, or the need to correct a manifest injustice.  Mitchell brought this appeal.

We have reviewed the record and the briefs filed in this case and conclude that the district court's judgment of dismissal is due to be affirmed.  Mitchell's failure to file an administrative claim in this case – a failure that continued through the dismissal of this case – is fatal to her arguments on appeal.  Even if equitable tolling were available to relieve Mitchell of an untimely filing of her administrative claim, it cannot relieve her of the effect of her failure to file an administrative claim at all.  *Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978) ("[I]t is essential that a proper administrative claim first be filed before suit in the district court can be commenced.  The plaintiff has not met this requirement, therefore this suit is barred.").  Furthermore, she waived this argument by failing to present it to the district court prior to dismissal of her suit.  Accordingly, the judgment of the district court is

AFFIRMED.

3