[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11602

Non-Argument Calendar

_____

FELICIA H. WATKINS,

Plaintiff-Appellant,

*versus*

ANN WILLIS,
in her individual and official capacities,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:21-cv-00745-MHH

_____

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Felicia H. Watkins, *pro se*, appeals the district court's order dismissing her *pro se* complaint contesting the government's levy of her wages—as facilitated by Internal Revenue Services ("IRS") Operations Manager, Ann Willis—for lack of subject-matter jurisdiction on the basis of sovereign immunity. On appeal, Watkins argues that the district court erred because the following federal laws waived the government's right to sovereign immunity or otherwise provided a source of subject matter jurisdiction: 28 U.S.C. §§ 1331, 1343, and 1361; 42 U.S.C. § 1983; the Fourth Amendment; the Administrative Procedure Act ("APA"); and *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949). For the following reasons, we affirm.

**I.**

Although this appeal arises out of the dismissal of Watkins's civil action in 2022, we briefly summarize the events leading to that dismissal.

Court filings in another case filed by Watkins, *see Watkins v. Willis* (*Watkins I*), No. 2:18-cv-02021 (N.D. Ala. June 18, 2019), suggest that Watkins, a taxpayer, failed to pay the proper amount of taxes to the IRS at some point. According to one of Watkins's filings in that case, the IRS concluded that Watkins owed a tax deficiency, and, after the IRS determined the amount due, it undertook

efforts to collect that amount, as well any other sums then due, from Watkins. Watkins alleged that Willis was involved in that effort. In November 2018, Watkins, an employee for the City of Birmingham's Police Department, learned that the IRS had levied and garnished her wages to collect the aforementioned indebtedness, without first obtaining a judgment against her. She then filed a *pro se* civil suit in *Watkins I* against Willis and another individual to stop the garnishment. The government responded by moving to dismiss that case for lack of subject matter jurisdiction. The district court agreed and dismissed the suit without prejudice in 2019. *See id.* Watkins did not appeal this ruling.

On May 28, 2021, Watkins, proceeding *pro se*, filed the instant action against Willis for levying her wages. In her complaint, she referred to *Watkins I* and reiterated that the IRS had not obtained a judgment against her, so it could not garnish her wages. Watkins relayed how the IRS, through Willis, had levied her wages and collected $461.54 and contended that she "did not consent" to the levy, and the IRS was "without the administrative authority of [the] IRS to levy." She also argued that because Alabama's procedure for garnishing wages required a filing and judgment with the court beforehand, the IRS levy violated her rights under the Fourth Amendment because it constituted an unlawful seizure of property.

Watkins asserted that the district court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1983, and the Fourth Amendment. She named Willis as a defendant in her

"individual and official capacities" and requested: (1) a declaratory judgment that the levy violated the Fourth Amendment because it failed to comply with Alabama state garnishment procedures; (2) injunctive relief against the enforcement of the levy; and (3) an order that the levy against her was "Null and Void."  In support of her complaint, she attached a copy of the levy, the email she was sent that calculated the amount of her wages withheld, and her response to that email.

The United States government, on behalf of Willis, responded by moving to dismiss Watkins's suit, in part, for lack of subject matter jurisdiction.  The government stated that it was the proper party for the suit because the conduct at issue—the levy—was carried out by Willis in her official capacity, that Willis was performing a duty expressly authorized by federal law, and that Watkins's claims were barred by sovereign immunity.  The government also denied waiving sovereign immunity, explaining that §§ 1331 and 1343 did not constitute waivers of sovereign immunity under this Court's precedent, that § 1983 did not apply because Watkins's action was based on federal law, not state law, and that § 1983 did not otherwise expressly waive sovereign immunity.  The government further contended that the Anti-Injunction Act barred courts from granting injunctive relief in the form of restraining the collection of taxes.  And the government asserted that the Declaratory Judgment Act prohibited courts from granting declaratory relief related to the collection of federal taxes, which prevented Watkins's request for declaratory relief.

22-11602                Opinion of the Court                5

Watkins opposed the government's motion, arguing that sovereign immunity as to Willis was waived by the Federal Tort Claims Act ("FTCA") and that the court had subject matter jurisdiction under §§ 1331 and 1343, § 1983, and the Fourth Amendment. She further asserted that the form Willis used to garnish her wages was not authorized by federal law and that the Anti-Injunction Act and Declaratory Judgment Act did not apply to her claims.

The district court granted the government's motion to dismiss. The court first explained that it could not consider the merits of Watkins's claims unless it had jurisdiction over those claims. The court found that her request for injunctive relief made clear that Watkins was attempting to enjoin the IRS's levy on her wages and that this implicated sovereign immunity. The court reasoned that, in cases requesting injunctive relief, sovereign immunity prevents awarding relief against a federal officer when such relief would, in effect, be against the sovereign.

The district court then found that the government did not waive sovereign immunity because it could only do so if it unequivocally expressed such an intention, and Watkins's contention that her due process rights were violated did not constitute a waiver. The court explained that none of the statutes Watkins cited to amounted to a waiver for the following reasons: (1) §§ 1331 and 1343 could not constitute a waiver of sovereign immunity; (2) § 1983 was not applicable because federal law, not state law, was at issue; and (3) 28 U.S.C. § 1346(b)(1) concerned money damages, not injunctive relief, and 28 U.S.C. § 2680(c) indicated that

§ 1346(b)(1) did not apply to claims arising out of the collection of taxes. And the court declined to reach the arguments concerning the Anti-Injunction Act and Declaratory Judgment Act because it lacked jurisdiction over Watkins's claims.

Accordingly, the district court dismissed Watkins's action for lack of subject matter jurisdiction. Watkins timely appealed.

## II.

In reviewing a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, we review the district court's legal conclusions *de novo*. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). The plaintiff has the burden of proving that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

We may consider issues of subject-matter jurisdiction *sua sponte*, as parties cannot waive subject matter jurisdiction. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999). But we will generally not consider non-jurisdictional arguments that are forfeited on appeal. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc). Specifically, any "issue that an appellant wants the Court to address should be specifically and clearly identified in the brief," as "[o]therwise, the issue . . . will be considered abandoned." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (quoting *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003)). An appellant fails to adequately brief a claim when she does not "plainly and prominently raise it." *Sapuppo v. Allstate Floridian*

*Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quoting *Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 530 (11th Cir. 2013)).

Finally, we construe *pro se* pleadings liberally. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

### III.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* A waiver of the government's sovereign immunity must be "unequivocally expressed." *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33 (1992) (quoting *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990)).

We begin by setting forth the bases for subject matter jurisdiction that Watkins has asserted for her claims. Under 28 U.S.C. § 1331, federal district courts have subject-matter jurisdiction over actions arising under federal law. Section 1331, however, "may not be construed to constitute [a] waiver[] of the federal government's defense of sovereign immunity." *Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972).[1]

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Title

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

42 U.S.C. § 1983 creates a private cause of action against any person who deprives an individual of federal rights under color of state law. Additionally, a district court may also have subject-matter jurisdiction under 28 U.S.C. § 1343 for suits alleging conspiracies to deprive individuals of certain civil rights or constitutional violations. Neither §§ 1983 or 1341, however, apply to issues relating to an IRS tax levy because "these statutes provide a remedy for deprivation of rights under color of state law and do not apply when the defendants are acting under color of federal law." *Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978); *accord Carman v. Parsons*, 789 F.2d 1532, 1534 (11th Cir. 1986); *Beale*, 461 F.2d at 1138.

Under the FTCA, the United States is subject to liability in a tort action in the same manner, and to the same extent, that a private individual would be under the law of the place where the tort occurred. *See* 28 U.S.C. § 1346(b)(1). While the FTCA serves as a waiver to sovereign immunity on state tort claims, *see Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015), however, the FTCA does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax," 28 U.S.C. § 2680(c).

Additionally, the APA generally authorizes judicial review of a final agency action. 5 U.S.C. § 702; *Perez v. U.S. Bureau of Citizenship & Immigr. Servs.*, 774 F.3d 960, 965 (11th Cir. 2014). "The defense of sovereign immunity is waived in actions against federal government agencies seeking nonmonetary relief *if the agency conduct is itself subject to judicial review.*" *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1555 (11th Cir. 1985) (emphasis added).

Further, the Supreme Court has recognized that a plaintiff may be able to obtain injunctive relief against an individual officer or agent of the United States in his official capacity for acts beyond his statutory or constitutional authority, because such actions "are considered individual and not sovereign actions." *Larson,* 337 U.S. at 689. If, however, a suit which is nominally directed against an individual officer is in substance a suit against the government, sovereign immunity applies. *Id.* at 688. Finally, 26 U.S.C. § 6331 provides that the IRS may levy property belonging to a taxpayer if the taxpayer is liable to pay a tax and neglects or refuses to pay the tax.

Here, we conclude that the district court did not err in determining that it lacked subject-matter jurisdiction over Watkins's claim because Willis was operating within her official capacity within the government and thus was protected by sovereign immunity. Further, none of the provisions that Watkins points to constitute a waiver of the sovereign immunity. Accordingly, we affirm the district court's dismissal order.

**AFFIRMED.**