[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10978

Non-Argument Calendar

_____

ELIJAH THOMAS,

Plaintiff-Appellant,

*versus*

PILGRIM PRIDE CORPORATION,
Payroll Officer,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 5:22-cv-00045-LGW-BWC

_____

Before JORDAN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Elijah Thomas, proceeding *pro se*, filed a complaint against Pilgrim Pride Corporation—his employer—asserting claims under 42 U.S.C. § 1983, 28 U.S.C. § 1367, and 18 U.S.C. §§ 1962, 2314-15. As a general matter, Mr. Thomas suit sought damages for Pilgrim Pride for its compliance, through the levying of payroll funds, with an Internal Revenue Service lien for back taxes.

The district court dismissed the complaint, and Mr. Thomas now appeals. He argues that the court erred when it found that he failed to state a claim because Pilgrim was not immune from suit pursuant to 26 U.S.C. § 6332. He also contends that the court erred when it found that any amendment of his complaint would have been futile.

We review a district court's ruling on a Rule 12(b)(6) motion *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). When a district court denies leave to amend because a proposed amendment would be futile, we review that legal determination *de novo*. *See Harris v. Ivax Corp.*, 182 F.3d 799, 802-03 (11th Cir. 1999).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, issues raised for the first time on appeal are

deemed forfeited, and we generally do not review them. *See id.;* *United States v. Schwarzbaum*, 24 F. 4th 1355, 1365 n.10 (11th Cir. 2021).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

We begin with the district court's conclusion that Pilgrim Pride was immune. The relevant statute provides as follows:

> [A]ny person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

26 U.S.C. § 6332(a).

It also states that:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand

by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e).

We have held that 26 U.S.C. § 6332(e)—then codified as § 6332(d)—"exempts any 'person' in possession of property of a taxpayer subject to a tax levy from liability to that person for surrendering or paying the property to the IRS." *Carman v. Parsons*, 789 F.2d 1532, 1534 (11th Cir. 1986) (concluding, as a matter of law, that the trustees of an ERISA plan were "immune from liability under ERISA by virtue of the protections of . . . § 6332(d)"). *See also United States v. Triangle Oil*, 277 F.3d 1251, 1255 (10th Cir. 2002) (holding that § 6332(e) provides immunity to a person or entity for the act of honoring federal tax levies). Here, according to the allegations in the complaint, Pilgrim Pride levied Mr. Thomas' payroll funds based on the IRS lien. Pilgrim Pride is immune from liability for those actions even if, as Mr. Thomas contends, the IRS levy was in some way defective. *See, e.g., Moore v. General Motors Pension Plans*, 91 F.3d 848, 851 (7th Cir. 1996) ("Moore's challenge to the validity of the levy did not alter NBD's obligation to comply with the levy, and thus, NBD could not have challenged the validity of the levy on Moore's behalf. NBD cannot be held liable for having failed to do what it could not legally do.") (citations omitted); *Schiff v.*

*Simon & Schuster, Inc.*, 780 F.2d 210, 212 (2d Cir. 1985) ("The fact that appellant disputes the validity of the underlying tax assessment does not alter Simon & Schuster's obligation to honor the levy[.]") (citation omitted).

We also held in *Carman,* 789 F.2d at 1534, that a person or entity complying with an IRS lien acts under color of federal law, and not state law, such that a § 1983 action does not lie. Mr. Thomas' § 1983 claim against Pilgrim Pride was properly dismissed for this additional reason. And to the extent that Mr. Thomas sought to assert claims against Pilgrim Pride under various federal criminal statutes, those claims were also not viable. *See, e.g., Adventure Outdoors, Inc. v. Bloomberg,* 552 F.3d 1290, 1303 (11th Cir. 2008) (rejecting the notion that Congress authorized "a federal private right of action any time a civil plaintiff invokes a federal criminal statute").

On, then, to the district court's denial of leave to amend on futility grounds. The Federal Rules of Civil Procedure provide that district courts "should freely give leave [to file amended complaints] when justice so requires." Fed. R. Civ. P. 15(a)(2). When "a more carefully drafted complaint might state a claim, a [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291-92 (11th Cir. 2018) (citations omitted). However, a court need not grant leave to amend when the plaintiff is clear that he does not want to amend the complaint or when a more carefully drafted complaint still

would not state a claim. *See id.* at 1291-92. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (citations omitted).

The district court did not err when it found that granting Thomas leave to amend his complaint would have been futile. First, Mr. Thomas asserts for the first time on appeal that Pilgrim Pride's actions violated his Fourth, Fifth, and Fourteenth Amendment rights. He therefore cannot assert error on the part of the district court with respect to amending on those theories. Second, and in any event, Pilgrim Pride was immune from Mr. Thomas's claims regarding its levying of funds from his payroll account. *See Carman*, 789 F.2d at 1534. And, as indicated earlier, the fact that Mr. Thomas believed the IRS lien to be improper did not affect Pilgrim Pride's obligation to comply or eliminate its immunity. *See Moore*, 91 F.3d at 851; *Schiff*, 780 F.2d at 212. Any proposed amendment would not have changed this legal reality.

**AFFIRMED.**