HATCHETT, Chief Judge:
Elaine Scarfo appeals the district court’s grant of summary judgment to the appel-lees on her claims of sexual harassment and employee discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq (1997). Scarfo contends that the district court erred in concluding that it lacked subject matter jurisdiction over her Title VII claims. We affirm.
I. FACTS
Victor Ginsberg owned or partially owned the corporate appellees DBG 94, Inc.; DBG 95, Inc.; DBG 96, Inc.; and a number of corporations not named in this lawsuit, including Dr. Build, Inc. (Dr. Build); Dreamline Cabinet Systems, Inc. (Dreamline) and Galaxy Frame, Inc (Galaxy Frame). None of these corporations employed 15 or more employees for at least 20 weeks in 1992. Scarfo was a secretary and receptionist for DBG 95, Dr. Build and Dream Line. She alleged that throughout her employment, Ginsberg subjected her to unwelcome sexually offensive conduct.
According to Scarfo, two or more of the above corporations combined constituted *959 her employer for Title VII purposes. Moreover, Scarfo contends that Ginsberg and various part-time personnel were employees pursuant to Title VII jurisdiction. 42 U.S.C. § 2000e(b).
II. PROCEDURAL HISTORY
On October 26, 1993, Scarfo filed a complaint against Ginsberg, DBG 94, Inc.; DBG 95, Inc.; and DBG 96, Inc., (the appellees) alleging that Ginsberg: (1) discriminated against her in her employment on the basis of her sex; (2) subjected her to sexual harassment and created a hostile work environment; and (3) discharged her in retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. Scarfo also brought Florida state law claims for battery, intentional infliction of emotional distress and invasion of privacy.
On January 23, 1995, the appellees moved for summary judgment, contending that the district court lacked subject matter jurisdiction over Searfo’s Title VII claims. Scarfo opposed the appellees’ motions, arguing that sufficient evidence existed in the record to create an issue of material fact as to whether Ginsberg had employed 15 or more employees for 20 weeks during 1992, the relevant year.
Title VII defines “employer” as “a person engaged in an industry affecting commerce who had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year, and any agent of such a person.” 42 U.S.C. § 2000e(b) (1998).
Scarfo argues that Ginsberg owned and operated a number of corporations that the court should group together as a single employer, or if viewed separately, as her joint employer, for Title VII purposes. Scarfo also argues that the “employer” for determining Title VII jurisdiction in this case consists of the combination of the appellees DBG 94, Inc.; DBG 95, Inc.; DBG 96, Inc.; and related corporations, Dr. Build; Dreamline and Galaxy Frame.
A magistrate judge issued a report recommending the denial of the appellees’ summary judgment motions, finding that genuine issues of material fact existed regarding subject matter jurisdiction. The district court issued an order adopting the magistrate judge’s report and recommendation and set the case for trial.
On February 2, 1996, the appellees filed a motion to continue the trial on the ground that the determination of whether they were employers under Title VII was a subject matter jurisdiction issue that a court should decide rather than a jury. At the pretrial conference, the district court granted the appellees’ motion, referred the matter to the magistrate judge, and directed the magistrate judge to hold an eviden-tiary hearing and to file a report and recommendation on the issue of whether subject matter jurisdiction existed under Title VII.
On December 2, 1996, the magistrate judge issued a report recommending that the district court dismiss the case for lack of subject matter jurisdiction. The magistrate judge based the recommendation on the finding that certain corporations should be joined as a single employer, but that Galaxy Frame should be excluded in the single employer framework because its “business operations were significantly less integrated with the other” companies. Moreover, the magistrate judge determined that Ginsberg was not an employee for purposes of determining the number of employees, finding that Ginsberg’s activities were those of an owner rather than an employee. The magistrate judge then recommended that the district court dismiss Scarfo’s lawsuit.
After Scarfo filed objections to the magistrate judge’s report and recommendation, on June 17, 1997, after the parties had briefed the issue and had oral argument, the district court issued an order of dismissal. In its order of dismissal, the district court stated:
*960 The Court has reviewed all of the facts the parties presented and applied a Rule 56 summary judgment standard in deciding the two dispositive jurisdictional issues: (1) the defendant owner Victor Ginsberg was not an employee of the defendant corporations .... and (2) Galaxy Frame, Inc. a corporation which the plaintiff alleges as related to the named defendant corporations in pleading jurisdiction under Title VII, was not so highly interrelated to the other companies that they could be deemed a “single employer.”
The district court also dismissed the state law claims, without prejudice to refiling in state court. Scarfo filed this appeal, and the appellees cross-appealed.
III. ISSUES
The issues we discuss are: (1) whether the district court had subject matter jurisdiction over Scarfo’s Title VII claims under the “single employer” doctrine; and (2) whether the district court abused its discretion in dismissing Scarfo’s state law claims.
IV. STANDARD OF REVIEW
We review the district court’s findings of jurisdictional facts for clear error. See Eaton v. Dorchester Development, Inc., 692 F.2d 727, 732 (11th Cir.1982). We review the district court’s dismissal of the state claims for abuse of discretion. See L.A. Draper & Son v. Wheelabrator—Frye, Inc., 735 F.2d 414, 420 (11th Cir.1984).
V. DISCUSSION

A. Single Employer

The appellees contend, for the first time on appeal, that the district court lacked authority to consider whether it had subject matter jurisdiction under the “single employer” doctrine because only one of the four corporations that Scarfo argues collectively constitute a “single employer” was named as a defendant. Scarfo contends that the appellees’ contention should not be addressed because they have raised this issue for the first time on appeal. Under the law of this circuit, however, parties cannot waive subject matter jurisdiction, and we may consider subject matter jurisdiction claims at any time during litigation. See Latin American Property & Casualty Ins. Co. v. Hi-Lift Marina, Inc., 887 F.2d 1477, 1479 (11th Cir.1989). Therefore, we address the jurisdiction issue.
Attacks on subject matter jurisdiction come in two forms: (1) facial attacks, and (2) factual attacks. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir.1990) (citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.1980)).
Facial attacks on a complaint “require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiffs] complaint are taken as true for the purposes of the motion.” Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir.1990). Factual attacks challenge “the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.” Lawrence, 919 F.2d at 1529. This circuit has explained that in a factual attack, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not attach, and the court is free to weigh the evidence, stating:
[in a factual attack upon subject matter jurisdiction] the trial court may proceed as it never could under 12(b)(6) or Fed. R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court’s jurisdiction — it’s very power to hear the case — there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiffs allegations, and the *961 existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.
Lawrence, 919 F.2d at 1529 (quoting Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir.1981)).
Searfo argues that under Garcia v. Copenhaver, the jury, as fact-finder, should have determined the “single employer” issues for Title VII purposes. 104 F.3d 1256 (11th Cir.1997). Garcia’s reasoning, however, is inapposite to this case.
The issue in Garcia was whether the court or the jury should determine if the plaintiff, as well as other persons similarly situated, were “employees” or “independent contractors” under the Age Discrimination in Employment Act (ADEA), and thus comprised the 20 employees required to elevate the defendant to employer status necessary to confer subject matter jurisdiction on the court. The Garcia court, noting “the unusual factual scenario,” held that whether the plaintiff was an “employee” was an element of the plaintiffs ADEA claim and, therefore, any issues of material fact were for the jury. Garcia, 104 F.3d at 1267.[1]
In contrast, the appellees’ status as “employers” in this case does not implicate an element of the Title VII cause of action. In this case, the appellees contend that they are not a “single employer” within the meaning of Title VII. See 42 U.S.C. § 2000e(b). Whether the appellees constitute an “employer” within the definition of Title VII is a threshold jurisdictional issue. Virgo v. Riviera Beach Associates, Ltd., 30 F.3d 1350, 1359 (11th Cir.1994). Unless the appellees constitute an employer “who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year,” Title VII is inapplicable, and the district court lacks subject matter jurisdiction over Scarfo’s claims. See 42 U.S.C. § 2000e(b).[2] Whether the appellees constitute an employer under Title VII does not implicate an element of the cause of action. See Virgo, 30 F.3d at 1359. Rather, whether appellees constitute an employer addresses whether Title VII applies in this case. Thus, appellees’ motions to dismiss for lack of subject matter jurisdiction are properly considered under Federal Rule of Civil Procedure 12(b)(1). When faced with factual disputes regarding subject matter jurisdiction, the district court serves as the fact-finder and may weigh the evidence, provided that the challenge to subject matter jurisdiction does not implicate an element of the cause of action. Fed.R.Civ.P. 12(b)(1) (1998). Because subject matter jurisdiction addresses the power of a court to hear a case, a jury does not resolve factual issues regarding subject matter jurisdiction. Instead, that duty is for the court. This determination is different from the intertwined employer and employee issues Garcia considered. In this case, before a jury could reach the issue of whether 15 or more “employees” worked for the appellees, the district court needed to determine which of the companies it could use for counting purposes. In other words, in Garcia, where the court clearly had jurisdiction if the plaintiff proved “employee” status rather than “independent contractor” status, the issue of whether plaintiff was in fact an “employee” was an element of the cause of action. In this case, whether the corporations constitute an “employer” concerns only jurisdiction. Issues regarding jurisdiction are for the court.

*962
B. State Law Claims

Scarfo contends that even if the district court properly dismissed her Title VII claims for lack of subject matter jurisdiction, it had authority to retain jurisdiction over her state law claims. The appellees contend that once the district court dismissed the federal claims, it had no discretion to retain jurisdiction.
Title 28 U.S.C. § 1367(a) provides that, in any action in which the district courts “have original jurisdiction,” they may exercise supplemental jurisdiction over state law claims related to the federal claim. The federal courts of appeals, however, have uniformly held that once the district court determines that subject matter jurisdiction over a plaintiffs federal claims does not exist, courts must dismiss a plaintiffs state law claims. See Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1255 (6th Cir.1996); Randolph v. Budget Rent-A-Car, 97 F.3d 319, 329 (9th Cir.1996); Toste Farm Corp. v. Hadbury, Inc., 70 F.3d 640, 646 n. 11 (1st Cir.1995); Womble v. Bhangu, 864 F.2d 1212 (5th Cir.1989) (holding that where the district court determines that the appellee was not an “employer” within the meaning of Title VII and dismisses the Title VII claim for lack of subject matter jurisdiction, the district court must dismiss the state law claims). Therefore, the district court did not abuse its discretion in dismissing Scar-fo’s state law claims.
VI. CONCLUSION
For the foregoing reasons, we affirm the district court’s judgment.
AFFIRMED.

. In Garcia, the "employer” and "employee” issues were intertwined because the ADEA’s definitions of "employer” and "employee” overlapped. 104 F.3d at 1265 n. 9.

. The district court found that DBG 95, Dr. Build and Dreamline Cabinets constituted a single employer in 1992 for Title VII purposes; however it found that Galaxy Frame should not be combined with these three other corporations as Scarfo’s employer during that year. The district court determined that the evidence did not establish a high degree of interrelatedness between Galaxy Frame, DBG 95, Dr. Build and Dreamline Cabinets.