**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 22 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ADDIE CALVERT,

      Plaintiff - Appellant,

v.

MIDWEST RESTORATION
SERVICES, INC., an Oklahoma
corporation,

      Defendant - Appellee.

No. 01-5201
(D.C. No. 00-CV-1019-B)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BRISCOE** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Addie Calvert appeals from the district court's order granting summary judgment in favor of defendant Midwest Restoration Services, Inc. (Midwest) on her complaint alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and 42 U.S.C. § 1981. We affirm in part, reverse in part, and remand.

Plaintiff, an African-American woman, was employed by Midwest during the years 1999 and 2000. She claims that during the course of her employment, Midwest discriminated against her on the basis of her race. She alleges discrimination based on both disparate treatment and a racially hostile work environment. Plaintiff's complaint and her response to Midwest's motion for summary judgment specifically state that her action is brought under both Title VII and § 1981.

In its summary judgment order, the district court incorrectly recited that "[a]ll of Plaintiff's claims are brought under Title VII." Aplt. App. at 164 n.1. It then granted summary judgment for Midwest, finding that it was uncontroverted that Midwest had not employed fifteen or more employees each working day of twenty or more calendar weeks in either 1999 or 2000, as required by Title VII. *See* 42 U.S.C. § 2000e(b) (defining "employer" for Title VII purposes).

"We review a district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Hollins v. Delta Airlines*,

-2-

238 F.3d 1255, 1257 (10th Cir. 2001). Summary judgment is proper if the moving party shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000) (quotation omitted).

1. **Section 1981 claims**

Midwest properly concedes that plaintiff's § 1981 claims are not subject to the "fifteen or more employee" restriction applicable to her Title VII claims. *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 n.3 (1994). The rationale on which the district court granted summary judgment is therefore inapplicable to these claims.

Midwest urges us, however, to affirm the grant of summary judgment on plaintiff's § 1981 claims on the alternative ground that it is entitled to judgment on these claims as a matter of law. In determining the appropriateness of summary judgment, this court is not limited to the grounds relied upon by the district court, but may affirm summary judgment on any proper grounds found in the record. *FDIC v. Noel*, 177 F.3d 911, 916 (10th Cir. 1999).

Plaintiff's § 1981 claim for disparate treatment rests on two separate events. First, she claims that on one occasion, white employees received their

-3-

paychecks ahead of time, while she was paid on the scheduled date. Plaintiff does not complain that she was not paid when scheduled or that she was harmed by receiving her check at the scheduled time. She also makes no showing that this was a recurring incident. We hold that the alleged harm is *de minimus* and will not give rise to relief under § 1981. *Cf. Bell v. CSX Transp., Inc.*, 172 F. Supp. 2d 933, 939-40 (E.D. Mich. 2001) (interpreting state civil rights law, construed *in pari materia* with Title VII, to find that forcing African-American plaintiff to wait one day before having his request for vacation approved was *de minimus* and not actionable, even though white employees allegedly received more immediate action on their requests).

Second, plaintiff complains that Midwest failed to lay her off from employment when it laid off white employees. The white employees began drawing unemployment insurance. She was retained but had her hours cut. She eventually asked to be laid off, but Midwest refused.

This claim, which seems to urge that plaintiff should have been laid off and allowed to draw unemployment insurance, raises interesting issues of public policy. Fortunately, we need not resolve these issues. Even assuming that plaintiff made a *prima facie* case of disparate treatment, Midwest advanced legitimate, non-discriminatory reasons for its actions. Plaintiff represented to Midwest's owner that she had cancer and needed to continue working. Aplt. App.

at 22. The record also shows that Midwest believed, whether incorrectly or not, that it had enough work to do to keep plaintiff busy when it decided not to lay her off, and that Midwest cut plaintiff's hours because its business had slowed. Plaintiff fails to point to evidence that would undermine these stated reasons.

We move on to plaintiff's § 1981 claim for a racially hostile work environment. To survive summary judgment, plaintiff must show "that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *McCowan v. All Star Maint., Inc.*, 273 F.3d 917, 923 (10th Cir. 2001) (quotations omitted). Plaintiff presented a significant amount of evidence of discriminatory intimidation, ridicule and insult, from which a jury could conclude that the conditions of her employment had been altered and that her working environment had become abusive. Having carefully reviewed the record, we conclude that Midwest failed to demonstrate its entitlement to summary judgment on this claim. Accordingly, we will reverse summary judgment on plaintiff's § 1981 hostile work environment claim.

2. **Title VII claims**

Plaintiff contends that the district court erred in rejecting her argument that she was employed by an "integrated enterprise" with more than fifteen employees.

Although Midwest did not have fifteen or more employees, plaintiff argues that we should factor in the employees of a related business, D&K Janitorial (D&K), for purposes of meeting this requirement. If Midwest and D&K are considered a "single employer" or "integrated enterprise," D&K's employees can be included. *See, e.g., Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1184 & n.8 (10th Cir. 1999);[1] *Llampallas v. Mini-Circuits Lab, Inc.*, 163 F.3d 1236, 1244 (11th Cir. 1998).

A threshold issue arises concerning the appropriate dispositional standard. The district court treated the "integrated enterprise" question as one for summary judgment disposition. We have stated, however, that the fifteen-employee requirement is jurisdictional. *Owens v. Rush*, 636 F.2d 283, 287 (10th Cir. 1980). We therefore agree with the Eleventh Circuit that application of the "single employer" or "integrated-enterprise" test is a threshold jurisdictional issue that must be resolved under Fed. R. Civ. P. 12(b)(1) rather than under summary judgment analysis. *Scarfo v. Ginsberg*, 175 F.3d 957, 961 (11th Cir. 1999).[2]

---

[1] We have not formally adopted the "single employer" or "integrated enterprise" test in this circuit; however, since this test was applied in the district court and both parties contend for its use, we will apply it here. *Knowlton*, 189 F.3d at 1184.

[2] This distinction is important in this case because on the record we have before us, we would be hard-pressed to say that plaintiff did not present sufficient evidence to survive summary judgment on the issue of whether the integrated enterprise standard was met. Where 12(b)(1) analysis is concerned, however, the

(continued...)

Accordingly, we will treat the district court's order as a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction. We review a dismissal for lack of subject matter jurisdiction *de novo*, accepting the district court's findings of jurisdictional facts unless they are clearly erroneous. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).

The integrated-enterprise test requires us to examine four factors: "(1) interrelation of operations; (2) centralized control over labor relations; (3) common management; and (4) common ownership or financial control." *Knowlton*, 189 F.3d at 1184. "All four factors . . . are not necessary for single-employer status. Rather, the heart of the inquiry is whether there is an absence of an arm's-length relationship among the companies." *Id.*

There is some evidence of common management and ownership between Midwest and D&K. Keith Lunsford, the owner of Midwest, owns stock in D&K. He co-manages Midwest with Susan Collins, and D&K with Patsy Smith.

The remaining factors, however, do not point to the existence of an integrated enterprise. Midwest and D&K have separate customers, separate payroll accounts, separate insurance policies, and separate bank accounts. They engage in separate lines of business, and employ separate supervisors. Although

[2](...continued)
district court is permitted to resolve factual disputes and to reach a disposition on the ultimate issue in spite of conflicting evidence. *Scarfo*, 175 F.3d at 961.

they use the same bookkeeper and outside accountant, the bookkeeper and accountant are paid separately by each entity for the work they perform. Although they shared a physical address during much of the time plaintiff was employed by Midwest, they currently have distinct phone numbers and physical addresses.

On balance, we agree with the district court that Midwest and D&K should not be treated as a single employer or an integrated enterprise. Plaintiffs' Title VII claims were properly dismissed for lack of subject matter jurisdiction.

The judgment of the United States District Court for the Northern District of Oklahoma granting summary judgment on plaintiff's 42 U.S.C. § 1981 claim for a hostile work environment is REVERSED. The remainder of the district court's order of summary judgment is AFFIRMED, and this case is REMANDED to the district court for further proceedings in accordance with this order and judgment.

Entered for the Court

Robert H. Henry
Circuit Judge