[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14102
Non-Argument Calendar

_____

D. C. Docket No. 06-80726-CV-DTKH

AAA ABACHMAN ENTERPRISES, INC.,
a Florida Corporation
d.b.a. Stanley Steemer Carpet Cleaners,

Plaintiff-Appellant,

versus

STANLEY STEEMER INTERNATIONAL, INC.,
an Ohio Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 10, 2008)**

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

This is AAA Abachman Enterprises, Inc.'s appeal of the district court's grant of summary judgment to Stanley Steemer International, Inc.

**I.**

Abachman is a Stanley Steemer franchisee, holding a perpetual and exclusive license to "own and operate a Stanley Steemer carpet and upholstery cleaning business" in the upper half of Palm Beach County, Florida. The franchise agreement, which is governed by Ohio law, gave Abachman the sole right to use Stanley Steemer's "trademarks, service marks, patents, [and] trade secrets" in its carpet and upholstery cleaning business within its assigned territory.

In February 2006, Stanley Steemer entered into a contract with two businesses owned by Thomas Scalera. The contract granted Scalera's businesses an "exclusive license to own and operate a Stanely Steemer Duct Cleaning Business for a term of five (5) years . . . and to use the Stanley Steemer Duct Cleaning Marks, proprietary equipment and products . . . in a Stanley Steemer Duct Cleaning Business in" an area that included the upper half of Palm Beach County.

Abachman's counsel sent a letter to Stanley Steemer stating that the Scalera contract violated Abachman's exclusive rights under the franchise agreement and threatening legal action if Stanley Steemer did not rectify the issue. The letter also stated that Abachman would "suffer hundreds of thousands of dollars in damages

and potentially millions of dollars of damages since the exclusive license granted to [it] has an unlimited term."

Stanley Steemer did not accede to Abachman's demand, so Abachman filed suit in Florida state court. The complaint sought a declaratory judgment that Stanely Steemer breached its franchise agreement with Abachman by contracting with Scalera's companies and reserved the right to pursue damages.

Stanley Steemer removed the case to federal court, invoking federal question jurisdiction under 28 U.S.C. § 1441(b) and diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a). Abachman moved to remand the case to state court, arguing that there was no federal question because the only issue in the case was one of state contract law and that there was no diversity jurisdiction because there was no evidence of a sufficient amount in controversy. The district court denied the motion, finding that Stanley Steemer met its burden of showing that the amount in controversy was sufficient to confer diversity jurisdiction on the court.

The parties then made cross-motions for summary judgment. The district court found that the franchise agreement between the parties gave Abachman exclusive rights to the Stanley Steemer mark only in connection with carpet and upholstery cleaning, not duct cleaning. Therefore, it granted summary judgment to Stanley Steemer. Abachman now appeals.

**II.**

3

Abachman first contends that the district court erred in finding that it had subject matter jurisdiction over the suit based on diversity jurisdiction. We review de novo a district court's ruling on a motion to remand. See Miedema v. Maytag Corp., 450 F.3d 1322, 1326 (11th Cir. 2006). However, we review the district court's findings of jurisdictional facts only for clear error. See Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999).

For a federal court to have diversity jurisdiction over a suit, the matter in controversy must "exceed[] the sum or value of $ 75,000, exclusive of interest and costs" and the citizenship of the parties must be diverse. 28 U.S.C. § 1332. A corporations is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here the diversity of citizenship requirement is clearly met—Abachman is a Florida corporation and Stanley Steemer is an Ohio corporation. The only issue in dispute is whether the amount in controversy requirement is also met.

If the plaintiff has not pleaded a specific amount in damages, the removing defendant bears the burden to show by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. Miedama, 450 F.3d at 1330. If the plaintiff is seeking declaratory relief, as Abachman is here, then the amount in controversy is the monetary value to the plaintiff of the object of the

4

litigation. <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069, 1077 (11th Cir. 2000). In other words, if the exclusive use of the Stanley Steemer mark in the upper half of Palm Beach County is worth more than $75,000 to Abachman, then the amount in controversy was sufficient to create federal jurisdiction over the case.

Abachman argues that Stanley Steemer has not met this burden because the value of the exclusive use of the Stanley Steemer marks is too speculative. However, the complaint Abachman filed in Florida state court alleged that "[h]undreds of thousands of dollars have been paid . . . in reliance upon the exclusive license." Also the demand letter from Abachman's attorney stated that Abachman would "suffer hundreds of thousands of dollars in damages and potentially millions of dollars of damages" from another company using the Stanley Steemer trademarks in upper Palm Beach County. Abachman had the opportunity submit evidence that the value of the rights was $75,000 or less in conjunction with its motion for remand to state court but did not do so. Therefore, the only indication in the record—Abachman's own valuation of the monetary worth of the right that is the object of the litigation here—supports Stanley Steemer's position that the suit meets the amount in controversy requirement. The district court did not clearly err in finding that the value of the exclusive use of the Stanley Steemer marks in the upper half of Palm Beach County was worth more than $75,000 to Abachman. Diversity jurisdiction existed, so we need not decide

5

whether the court would have had jurisdiction over the case because of a federal question under 28 U.S.C. § 1441(b).

## III.

Abachman's second contention is that, even if the district court had jurisdiction over its claim, it erred by granting summary judgment to Stanley Steemer. We review de novo the district court's grant of summary judgment and resolve all genuine disputes of material fact in favor of the non-moving party. Beshers v. Harrison, 495 F.3d 1260, 1265 (11th Cir. 2007). We also review de novo the district court's interpretation of a contract's provisions. LaFarge Corp. v. Travelers Indem. Co., 118 F.3d 1511, 1515 (11th Cir. 1997).

Abachman argues that the contract between it and Stanley Steemer gives it exclusive rights over the Stanley Steemer mark in upper Palm Beach County, regardless of how the mark is used. Abachman relies on two parts of the contract for this proposition. The first gives Abachman the exclusive and perpetual rights "to own and operate a Stanley Steemer carpet and upholstery cleaning business (hereinafter referred to as a 'Stanley Steemer Business') in the . . . 'Franchisee's Area'[] and to use the trademarks, services marks, patents, [and] trade secrets . . . solely in a Stanley Steemer Business in that area and in no other manner." The other requires Abachman to pay Stanley Steemer a percentage of gross income

6

from its Stanley Steemer carpet and upholstery cleaning business, any other carpet or upholstery cleaning that it did, its Scotchgard sales, and "any additional sale resulting from or associated with the name Stanley Steemer." Abachman argues that, because it must pay royalties on all sales when it uses the Stanley Steemer mark, regardless of what it sells, no one else in its territory may sell anything using the mark. If it has exclusive rights to use the mark in upper Palm Beach County, then Stanley Steemer cannot license it to Scalera's businesses for use in that area.

Abachman's position is without merit. The first provision gives it the exclusive rights to use Stanley Steemer's intellectual property only in connection with Abachman's carpet and upholstery cleaning business "and in no other manner." The broad language used in defining Abachman's obligations to Stanley Steemer does not expand Abachman's rights under the contract. Abachman's rights to exclusive use are limited to its carpet and upholstery cleaning business; they do not extend to all possible uses of the Stanley Steemer mark in its territory.

"Where the terms in a contract are not ambiguous, courts are constrained to apply the plain language of the contract." City of St. Marys v. Auglaize County Bd. of Comm'rs, 875 N.E.2d 561, 566 (Ohio 2007). The terms of Abachman's franchise agreement with Stanley Steemer are not ambiguous; they give Abachman the exclusive right to use the mark in its carpet and upholstery business "and in no other manner." Stanley Steemer retains the right to license its trademark to

7

Scalera's businesses to use in connection with duct cleaning.  Therefore, the district court correctly granted summary judgment to Stanley Steemer.

**AFFIRMED**.