[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13430
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 17, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:11-cv-60604-JIC


DR. MASSOOD JALLALI,

                                                    Plaintiff-Appellant,

versus

AMERICAN OSTEOPATHIC ASSOCIATION,
a.k.a. Commission on Accreditation of Colleges
of Osteopathic Medicine,

                                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 17, 2012)

Before DUBINA, Chief Judge, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Dr. Massood Jallali ("Jallali"), proceeding *pro se*, appeals from the district court's dismissal of his civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). The district court dismissed Jallali's complaint based on a lack of subject matter jurisdiction, concluding that Jallali's claims were barred based on the *Rooker-Feldman* doctrine.[1] The district court also concluded that Jallali could not state a claim under *Bivens*, and that Jallali's claims were barred by *res judicata*.

## I.

Jallali's complaint alleged six claims for relief against the American Osteopathic Association ("AOA") arising from AOA's supposed failure to pursue Jallali's claims against Nova Southeastern University ("NSU") after NSU denied Jallali a degree. In 2006, prior to filing this action, Jallali had attempted to assert claims for declaratory relief, specific performance, and breach of contract against AOA in state court. These claims, which also essentially arose from AOA's

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

alleged failure to require NSU to award him with a medical degree, were dismissed with prejudice based on the state court's determination that Jallali could not state a cause of action.

Jallali contends that his claims in the current case were not barred by *Rooker-Feldman* because they included claims that could not have been raised in the earlier proceeding and over which the state court would have lacked jurisdiction. He further contends that the district court erred in finding that AOA was not acting under color of federal or State authority when it dismissed his *Bivens* claim and declined to convert it into a claim under 42 U.S.C. § 1983.

## II.

"We review dismissals for lack of subject matter jurisdiction de novo." *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). A court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). A finding that a plaintiff failed to state a claim upon which relief could be granted is reviewed *de novo*. *See, e.g.*, *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir. 2004).

## III.

The *Rooker-Feldman* doctrine is a jurisdictional rule that precludes lower federal courts from reviewing state court judgments. *Nicholson v. Shafe*, 558 F.3d

at 1270.  The Supreme Court has cautioned that the "[t]he *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed. 2d 454  (2005); *see also Lance v. Dennis*, 546 U.S. 459, 464, 126 S. Ct. 1198, 1201, 163 L. Ed. 2d 1059 (2006) (noting the "narrowness" of the *Rooker-Feldman* rule).  The *Rooker-Feldman* doctrine operates as a bar to federal court jurisdiction where the issue before the federal court was either actually adjudicated by the state court or was "inextricably intertwined" with the state court judgment such that (1) the success of the federal claim would "effectively nullify" the state court judgment, or (2) the federal claim "succeeds only to the extent that the state court wrongly decided the issues."  *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (internal quotation marks omitted).

"In  *Bivens*, the Supreme Court for the first time implied a right of action for damages against federal officials [for a constitutional violation] in the absence of an act of Congress authorizing such an action."  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (internal citation omitted).  A claim under 42 U.S.C. § 1983,

4

by contrast, requires that a plaintiff establish that the defendant acted "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. Because claims under 42 U.S.C. § 1983 and *Bivens* are similar, courts generally apply § 1983 law to *Bivens* cases. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). Thus, under *Bivens*, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of [federal] law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

**IV.**

We conclude from the record that the district court did not err in finding that *Rooker-Feldman* barred Jallali's complaint. It is undisputed that the parties in the state and federal actions were the same, and that the prior state court ruling was a final judgment on the merits. Except for Jallali's facially defective claims for equitable and judicial estoppel, Jallili had a reasonable opportunity to raise his federal claims in the state court proceeding. Moreover, because a ruling in Jallali's favor would effectively nullify the earlier state court judgment, the claims in this case were inextricably intertwined with the state court's judgment.

The district court also correctly concluded that Jallali failed to allege any facts that would support a claim under *Bivens*. It is clear from the amended complaint that AOA, an Illinois not-for-profit corporation, was merely a private

5

actor. *Cf. Abella v. Rubino*, 63 F.3d at 1065, ("The effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials.") (internal quotation marks omitted). Having found that Jallali's *Bivens* claim failed as a matter of law, the district court properly concluded that it lacked subject matter jurisdiction over the entire action. *See, e.g.*, *Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999) ("[O]nce the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims.").

Accordingly, we affirm the district court's judgment of dismissal.

**AFFIRMED.**