[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10835
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00294-MEF-TFM

NUE CHEER FRANKLIN,

Plaintiff-Appellant,

versus

ARBOR STATION, LLC,
JUSTIN MATTHEW PARNELL, Esq.,
PARNELL AND CRUM, P.A.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 27, 2013)

Before CARNES, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Nue Cheer Franklin, proceeding pro se and in forma pauperis, appeals the

district court's 28 U.S.C. § 1915(e)(2)(B)(ii) dismissal of her fourth amended complaint on the basis of res judicata.

All of Franklin's claims arise from a dispute with Arbor Station, LLC, which owns the apartment complex where she used to live. Arbor Station brought an unlawful detainer action against Franklin in state court and was awarded a judgment of possession. In the federal district court, Franklin filed a complaint and a motion for a temporary restraining order against Arbor Station to prevent it from acting on the writ of possession. She based her claim for federal jurisdiction on the fact that her complaint that the state courts violated her due process and equal protection rights under the Fourteenth Amendment and that Arbor Station and Parnell violated the federal Fair Debt Collection Practices Act. She filed two motions to amend, and both proposed amended complaints included claims against the two state court judges who had decided the unlawful detainer action. The district court granted Franklin's second motion to amend in part but directed her that because the state court judges were entitled to absolute judicial immunity, her amended complaint should not include claims against them.

Franklin submitted a third and then fourth amended complaint, omitting her claims against the state court judges. The fourth amended complaint raises claims against Arbor Station; its attorney, Justin Parnell; and its law firm, Parnell & Crum, PA. Franklin filed a motion to amend her complaint yet again, proposing to

2

add claims against Arbor Station employees, Montgomery County Courts, and Montgomery County. The court did not consider Franklin's motion to amend and dismissed her fourth amended complaint without prejudice, concluding that all of her claims were barred by res judicata and that her complaint failed to state a claim upon which relief could be granted. Franklin contends that the district court erred in dismissing her complaint, in ordering her to file an amended complaint containing no claims against the state court judges, and in refusing to consider her proposed fifth amended complaint.

We review de novo a district court's dismissal of an in forma pauperis complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, viewing the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003). We may affirm a district court's judgment on any ground supported by the record. Bircoll v. Miami-Dade Cnty., 480 F.3d 1072, 1088 n.21 (11th Cir. 2007). We liberally construe pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

## I.

Under the Rooker-Feldman doctrine, the district courts lack subject matter jurisdiction to review state court final judgments because "that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). The Rooker-Feldman doctrine

3

applies "both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." Id. A claim brought in federal court is inextricably intertwined with a state court judgment if it would "effectively nullify" the state court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues." Id. The doctrine does not apply if a party did not have a "reasonable opportunity to raise his federal claim in state proceedings." Id.

Although Franklin does not directly request that the district court vacate or review the state trial court's decisions, all of her federal claims are complaints of injuries caused by the state court's decision in favor of Arbor Station on its unlawful detainer claim and the corresponding grant of a writ of possession. The district court could not decide in Franklin's favor on any of those counts unless it decided that the state court erred in its judgment.

The district court could not decide Count 17 (unlawful threat to evict her based on the writ of possession) in Franklin's favor unless it necessarily decided the writ of possession was wrongfully issued by the state court. Similarly, the district court could not decide in Franklin's favor on Count 18 (litigating an unlawful detainer action despite a lack of service of process) without deciding that the state trial court erroneously determined that service of process was proper.

Counts 9, 11, 12, and 13 all involve alleged misrepresentations made by

4

Arbor Station and Parnell to the state trial court, in violation of the Fair Debt Collection Practices Act. The only way these alleged misrepresentations could have injured Franklin is by convincing the state court to rule against her. So those claims cannot be decided in her favor without determining that the state court's decisions were error. Count 14 alleges that Arbor Station made misrepresentations to the district court when it told the district court that the state court judge had dismissed the appeal because, according to her, the judge only "purported" to dismiss the appeal. This claim necessarily rests on her contention that the state court improperly remanded her appeal before she perfected it, so the district court could not find in her favor on this claim without concluding that the state court's disposition of her appeal was improper.

In Counts 15 and 16, Franklin alleges that Arbor Station violated FDCPA by threatening to collect and collecting "prohibited legal fees." The Alabama Code provides for a landlord to recover "reasonable attorney fees" incurred in enforcing a rental agreement. See Ala. Code § 35-9A-421. Although Franklin asserts in her complaint that Arbor Station "could not legally collect said fees," that determination was one for the state court to make in deciding the unlawful detainer action. Under Rooker-Feldman, we cannot overturn that determination. To the extent that Franklin's complaint alleges violations of her Fourteenth Amendment rights (not made in a separate count but in language sprinkled throughout the

5

complaint), those allegations rest on her contention that the state court did not handle the unlawful detainer action correctly.  We will not—and cannot—nullify that state action.

Because the district court had no jurisdiction to consider the claims Franklin made based on federal law, it had no jurisdiction to consider the remaining state-law claims.  Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999) ("[O]nce the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims.").  For those reasons, we affirm the district court's judgment dismissing all of Franklin's claims, although we do so on different grounds, concluding that the district court had no subject matter jurisdiction over them.

## II.

The district court did not err in effectively dismissing Franklin's claims against the state court judges by directing her to remove them from her complaint. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."  Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation marks omitted).  This immunity attaches even if a judge acts "in excess of his or her jurisdiction."  Id.

6

Franklin alleges that the state district court judge acted in the clear absence of jurisdiction because the court did not have personal jurisdiction over her because she was never properly served.  And she alleges that the state circuit court judge did not have subject matter jurisdiction because the case was not properly in his court.  Judges do not lose their judicial immunity even if they act in absence of jurisdiction as long as they do not have knowledge that they lack jurisdiction or act "in the face of clearly valid statutes or case law expressly depriving [them] of jurisdiction."  Dykes v. Hosemann, 743 F.2d 1488, 1497 (11th Cir. 1984).  Franklin does not allege that either judge knew he lacked jurisdiction, and there is no Alabama statute that clearly deprives them of jurisdiction.  In fact, Alabama Code §§ 6-6-330 and 6-6-350 indicate that the circuit court did have subject matter jurisdiction because those statutes provide that appeals in unlawful detainer actions from state district courts go to the state circuit courts.

The court also did not err in declining to consider Franklin's motion to amend her complaint for a fifth time.  Federal Rule of Civil Procedure 15 instructs courts to "freely give leave" to amend a pleading "when justice so requires."  Fed.R.Civ.P. 15(a)(2).  However, "justice does not require district courts to waste their time on hopeless cases," and "leave may be denied if a proposed amendment . . . fails to state a claim."  Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008).  Franklin has not demonstrated that justice requires

7

the district court to consider her claims against the proposed new defendants: Arbor Station employees, Montgomery County, and the Montgomery County court system. Franklin's cursory allegations against the Arbor Station employees do not provide actual grounds for relief.[1]   Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim). And her claims against Montgomery County and Montgomery Court System are based on challenges of the state court decisions concluding they had jurisdiction and so are barred by Rooker-Feldman.

    **AFFIRMED.**

---

[1] Franklin also stated, on appeal, that the district court abused its discretion in denying her a temporary restraining order, and that the district court should not have ordered her to drop her 42 U.S.C. § 1983 claims against Arbor Station. However, these cursory statements are not enough to render the arguments properly raised before this Court. Accordingly, these arguments have been waived. Marek v. Singletary, 62 F.3d 1295, 1298 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned.").