[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17280
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00596-SPC-MRM


DANIEL A. BERNATH,

Plaintiff-Appellant,


versus


THE AMERICAN LEGION,
DON SHIPLEY,
DIANE SHIPLEY,
EXTREME SEAL EXPERIENCE LLC,
MARK CAMERON SEAVEY,
TERRENCE B. HOEY, et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 28, 2017)

Before MARCUS, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Daniel A. Bernath appeals *pro se* the *sua sponte* dismissal without prejudice of his amended complaint for lack of subject matter jurisdiction. Bernath alleged that the defendants harassed him and inflicted damage on his property, in violation of the Anti-Terrorism Act, 18 U.S.C. § 2333, and the Racketeer Influenced and Corrupt Organizations Act, *id.* § 1964(c), and that they engaged in tortious conduct, in violation of state law. We affirm.

Bernath's claims against the defendants fail to present a substantial question of federal law that conferred jurisdiction on the district court. *See* 28 U.S.C. § 1331. "The test of federal jurisdiction" hinges on "whether 'the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.'" *McGinnis v. Ingram Equip. Co.*, 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc) (quoting *Dime Coal Co. v. Combs*, 796 F.2d 394, 396 (11th Cir. 1986)). Bernath's claim for civil damages under the Anti-Terrorism Act, 18 U.S.C. § 2333(a), (d), is "wholly insubstantial," *Int'l Cafe, S.A.L. v. Hard Rock Cafe Int'l (U.S.A.), Inc.*, 252 F.3d 1274, 1277 (11th Cir. 2001). The defendants do not plausibly comprise a "foreign organization," 8 U.S.C. § 1189(a)(1), that committed acts against Bernath with the intent "to intimidate or coerce a civilian population," "to influence the policy of a government by intimidation or coercion," or "to affect

2

the conduct of a government by mass destruction, assassination or kidnapping," 18 U.S.C. § 2331(1). And Bernath alleged no pattern of racketeering activity by the Shipleys, The American Legion, and Extreme Seal Experience LLC, consisting of acts that violated the Patriot Act, Pub. L. No. 107-56, § 813, 115 Stat. 424, or the Hobbs Act, 18 U.S.C. § 1961(1)(B), to present a plausible claim under the Racketeer Influenced Act, *id.* § 1964(c).

Bernath's amended complaint also fails to allege diversity of citizenship among the parties. 28 U.S.C. § 1332(a). Federal district courts have original jurisdiction over civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000. *Id.* § 1332(a)(1). Bernath failed to allege that there was "complete diversity between all plaintiffs and all defendants." *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Bernath alleged where he and the defendants resided, instead of where they were citizens. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("[A]llegations in [a] complaint about . . . citizenship are fatally defective" when it consists of "[r]esidence alone[.]"). Bernath also failed to allege the citizenship of each member of Extreme Seal, which enjoys "citizen[ship] [in] every state that any member is a citizen of," *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). And The American Legion, as a federally chartered corporation, 36 U.S.C. § 21701, is not considered a citizen of any state "unless [its] activities [are]

3

sufficiently 'localized' in one state." *See Loyola Fed. Sav. Bank v. Fickling*, 58 F.3d 603, 606 (11th Cir. 1995). Bernath alleged that The American Legion had "its headquarters . . . [in] Indiana" and "operate[d] an unlicensed investigative business within Florida," which controverts his argument that the corporation is a citizen of a single state for diversity purposes.

The district court correctly dismissed Bernath's complaint. Because the district court lacked jurisdiction based on a question of federal law or on diversity of citizenship, 28 U.S.C. §§ 1331, 1332, it had to "dismiss [Bernath's] state law claims." *See Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999). Bernath argues that he should have been given a second opportunity to amend his complaint, but the district court dismissed the complaint without prejudice, so Bernath is free to file another complaint if he can allege a plausible claim against the defendants that invokes the jurisdiction of the district court. The district court also did not abuse its discretion in denying Bernath's request for jurisdictional discovery when no jurisdictional facts were in dispute.

We **AFFIRM** the dismissal without prejudice of Bernath's complaint.