[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10586
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-02489-RDP

AMY MURPHY,

Plaintiff-Appellant,

versus

SECRETARY, U.S. DEPARTMENT OF THE ARMY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 18, 2019)

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Amy Murphy appeals the district court's order dismissing her discrimination

claims under the Rehabilitation Act of 1973, 29 U.S.C. § 291 *et seq.*, and affirming

the Merit System Protection Board's ("MSPB") decision in her mixed case complaint alleging three claims of disability discrimination and one non-discrimination claim challenging the MSPB's decision upholding the Department of the Army's ("DOA") act of removing Murphy from federal service. First, Murphy argues that the district court erred in determining that it lacked jurisdiction over her discrimination claims under *Department of Navy v. Egan*, 484 U.S. 518 (1988), because her claims implicated the DOA's decision to suspend and revoke her security clearance. Next, she argues that the district court abused its discretion by denying her two motions to amend her complaint. Lastly, she argues that the district court erred by affirming the MSPB's decision affirming the DOA's determination to remove her from federal service because the DOA committed harmful procedural errors and rendered an unreasonable decision.

## I.

The Rehabilitation Act bars the federal government from discriminating against persons with disabilities under the Americans with Disabilities Act of 1990. 29 U.S.C. § 791(f). The Americans with Disabilities Act prohibits discrimination against a qualified individual on the basis of disability with regard to certain employment decisions. 42 U.S.C. § 12112(a). A qualified employee is one who is able to satisfy all of the job's requirements, with or without accommodation. *Southeastern Community College v. Davis*, 442 U.S. 397, 406

2

(1979).  Prohibited discrimination includes the employer's failure to make reasonable accommodations for an employee's physical or mental limitations unless the employer can demonstrate that the accommodation would impose an undue hardship.  42 U.S.C. § 12112(b)(5)(A).  Reasonable accommodation may include reassignment to a vacant position with the same employer if the individual can perform the "essential functions" of the new job to which he seeks reassignment.  *Id.* §§ 12111(8), (9).

We review *de novo* a district court's grant of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006).  It is a plaintiff's burden to allege, with particularity, facts necessary to establish jurisdiction.  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000).  Factual findings concerning subject-matter jurisdiction made by the district court are overturned only if clearly erroneous.  *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1238 (11th Cir. 2002).  Under clear error review, the district court's determination must be affirmed so long as it is plausible in light of the record viewed in its entirety.  *Commodity Futures Trading Com'n v. Gibraltar Monetary Corp., Inc.*, 575 F.3d 1180, 1186 (11th Cir. 2009).

There are two forms of attack on subject-matter jurisdiction under Rule 12(b)(1): facial attacks and factual attacks.  *Morrison v. Amway Corp.*, 323 F.3d

3

920, 924 n.5 (11th Cir. 2003).  A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction.  *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).[1]  A factual attack, however, challenges the existence of subject-matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.  *Id.*  On a factual attack, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  The court, consistent with its "substantial authority" to weigh evidence related to jurisdiction, may adjudicate a factual challenge under Rule 12(b)(1) without converting the motion to one brought under Rule 56 where "the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action."  *Morrison*, 323 F.3d at 925.  Where, as here, the underlying elements of Murphy's claims are not implicated by the challenge, the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  *Scarfo v. Ginsberg*, 175 F.3d 957, 960-61 (11th Cir. 1999).

---

[1]      In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is a presumption that every federal court is without jurisdiction unless the contrary affirmatively appears from the record. *United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005). A court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A motion under Federal Rule of Civil Procedure 12(b)(1) allows a party to assert a defense of lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12. The burden of proof on a motion to dismiss for lack of subject-matter jurisdiction is on the party asserting jurisdiction. *Morrison*, 228 F.3d at 1273.

In *Egan*, the Supreme Court held that no reviewing court has authority to review the substance of an underlying security clearance determination when reviewing an adverse employment action. *See Egan*, 484 U.S. at 526-31. This is because the grant of security clearance to a particular employee—a sensitive and inherently discretionary judgment call—is committed by law to the appropriate agency of the executive branch. *Id.* at 527. The authority to protect national security information falls on the President. *Id.* Further, the Supreme Court observed that it should be obvious that no one has a right to a security clearance, because the grant of a clearance requires an affirmative act of discretion on the part of the granting official. *Id.* at 528. The act of discretion does not equate with

5

passing judgment upon an individual's character—instead, it is only an attempt to predict her possible future behavior and to assess whether, under compulsion of circumstances or for other reasons, she might compromise sensitive information. *Id.* Thus, the grant or denial of security clearances is an inexact science at best, and predictive judgments of this kind must be made by those with the necessary expertise in protecting classified information. *Id.* at 529. Accordingly, it is not possible for a court to review the substance of such a judgment and decide whether the agency should have been able to make the necessary affirmative prediction with confidence or determine what constitutes an acceptable margin of error in assessing the potential risk. *Id.*

We have noted that *Egan* "made clear that a decision concerning the issuance or non-issuance of security clearance is a matter within the purview of the executive and not to be second-guessed by the judiciary unless Congress has specifically provided otherwise." *Hill v. White*, 321 F.3d 1334, 1336 (11th Cir. 2003). Moreover, we have extended *Egan* to apply not only to final denials or revocations of security clearances, but also to decisions made at the suspension or investigatory stage, determining that to review the initial stages of a security clearance determination is to review the basis of the determination itself regardless of how the issue is characterized. *Id*.

6

There is no independent cause of action for bad faith interactive process. *Willis v. Conopco, Inc.*, 108 F.3d 282, 285 (11th Cir. 1997). This is because an employee's claim that her employer took adverse action against her by failing to engage her in an interactive process merely reclothes her discrimination claim. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1261 (11th Cir. 2001).

Here, the district court did not err in determining that *Egan* precluded it from exercising jurisdiction over Counts One, Two, or Three, because each of these claims would require the court to second-guess the DOA's suspension and revocation of Murphy's security clearance, regardless of how Murphy characterized the issue. *See Egan*, 484 U.S. at 526-31; *Hill*, 321 F.3d at 1336.

II.

A district court's denial of a motion to amend a complaint is reviewed for abuse of discretion, although the underlying legal conclusion of whether a particular amendment to the complaint would be futile is reviewed *de novo*. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005). Once 21 days have passed since filing a complaint, a party may amend her pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice so requires, in the absence of any apparent or declared reason such as undue delay or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). We have held that a district court may properly deny

7

leave to amend the complaint when such amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). The denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal. *Id.* at 1263.

Here, the district court did not abuse its discretion in denying Murphy's motions to amend her complaint because the amendments she sought to impose were futile in light of our determination that the district court lacked jurisdiction over her claims under *Egan*, and her second motion to amend was untimely under the court's scheduling order. *Foman*, 371 U.S. at 182; *Hall*, 367 F.3d at 1262-63.

## III.

Where a federal employee brings a "mixed case," appealing an adverse personnel action from the MSPB and asserting claims of discrimination, the non-discrimination claims are reviewed on the administrative record using an arbitrary and capricious standard of review. *Kelliher v. Veneman*, 313 F.3d 1270, 1274-75 (11th Cir. 2002). The MSPB's findings or conclusions will only be set aside if they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). The MSPB accords considerable deference to the agency's penalty determination and is permitted to modify a penalty only where the

8

agency's judgment clearly exceeded the bounds of reasonableness or the agency failed to conscientiously consider relevant mitigating factors. *Douglas v. Veterans Admin.*, 5 M.S.P.B. 313, 332-33 (1981).

Harmful procedural error constitutes an affirmative defense to the agency action if the employee shows harmful error in the application of the agency's procedures in arriving at such decision. 5 U.S.C. § 7701(c)(2)(A). Harmful error is error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence of the error. 5 C.F.R. § 1201.4(r). The employee carries the burden of showing that the error caused substantial harm or prejudice to the employee's rights. *Id.*

Here, Murphy has failed to meet her burden to show that the DOA committed a harmful procedural error that caused her substantial harm or prejudiced her rights. *See* 5 C.F.R. § 1201.4(r). We reject as wholly without merit Murphy's attempt to show procedural errors, or that any such errors caused the agency to reach an incorrect conclusion. Additionally, Murphy has not shown that the MSPB's decision affirming the DOA's determination to remove her from federal service was unsupported by substantial evidence, was a decision made after failing to follow proper procedures, or was arbitrary or capricious. *See* 5 U.S.C. § 7703(c).

9

Accordingly, the decision of the district court is **AFFIRMED.**